**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISIÓN**
www.flsb.uscourt.gov

| | |
|---|---|
| In re: | Case No. 19-22556-AJC |
| Yojandry Medina, | Chapter 7 |
| Debtor. _____/ | |
| Drew M. Dillworth, as Chapter 7 Trustee, | Adv. Pro. No. 20-01131-AJC |
| Plaintiff, vs. | |
| Osmar A. Mesa, | |
| Defendant. _____/ | |

**TRUSTEE DILLWORTH'S FIRST SET OF**
**INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION**
**AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT**

Plaintiff, Drew M. Dillworth, in his capacity as duly appointed, qualified and acting Chapter 7 Trustee ("**Trustee Dillworth**") for the bankruptcy estate of Yojandry Medina (the "**Debtor**"), propounds upon Defendant, Osmar A. Mesa ("**Defendant**"): (1) his First Set of Interrogatories set forth on Schedule B, pursuant to Fed. R. Civ. P. 33, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7033; (2) his First Requests for Production set forth on Schedule C, pursuant to Fed. R. Civ. P. 34, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7034; and (3) his First Requests for Admission set forth on Schedule D, pursuant to Fed. R. Civ. P. 36, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7036.

These discovery requests are subject to the Definitions and Instructions set forth on Schedule A.

Dated: May 18, 2020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 18th day of May 2020 via ecf in pdf format immediately upon filing same with the United States Bankruptcy Court upon: Rex E. Russo, Esq.

        Respectfully submitted,

        /s/ *James B. Miller*_____
        JAMES B. MILLER
        Florida Bar Number 009164
        jbm@titlelllaw.com
        19 West Flagler Street, Suite 416
        Miami, Florida 33130
        Telephone:    (305) 374-0200
        Facsimile:    (305) 374-0250
        *Counsel for Trustee Dillworth*

## SCHEDULE A

## DEFINITIONS

A.  "Trustee Dillworth" means Plaintiff, Drew M. Dillworth, the duly appointed, authorized, qualified, and acting Chapter 7 bankruptcy trustee of Debtor's bankruptcy estate and Plaintiff in the above-styled Adversary Proceeding, his attorneys, and anyone acting on his behalf.

B.  "You," "Your" or "Defendant" means the Defendant in the above-styled adversary proceeding, its attorneys, and anyone acting on its behalf.

C.  "Debtor" means Yojandry Medina.

D.  "Adversary Proceeding" means the above-styled adversary proceeding.

E.  "Complaint" means the complaint or any amended complaint of record in the above styled Adversary Proceeding.

F.  "Transfer" or "Transfers" means those transfers made by Debtor to You at issue and set forth in the Complaint.

G.  "Value" means property, or satisfaction or securing of a present or antecedent debt of Debtor.

H.  "Evidence," "refer," or "relate" means and includes supporting, showing, or being legally or logically connected with a matter in any way, including the document referred to.

I.  "Document" is synonymous in meaning and equal in scope to the usage of this term as described in Fed. R. Bankr. P. 34, as adopted by Fed. R. Bankr. P. 7034. Document includes electronically recorded information.

J.  "Communication," means the transmission, sending and/or receipt of information of any kind by and/or through any means, including without limitation, speech, writings, language, computer or electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols,

3

signs, magnetic disks, sound radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, photographic film of any type and/or other media of any kind.

## INSTRUCTIONS

A.     Unless another date is specified by the terms of a particular request, the time frame applicable to these discovery requests is from January 2015 to present.

B.     You are requested to produce all Documents within Your possession, custody or control, whether held by You or by Your agents.

C.     A request to produce a Document includes all drafts and non-identical copies of such document.

D.     These discovery requests are subject to the requirements set forth in Fed. R. Civ. P. 26, made applicable to this Adversary Proceeding by Fed. R. Bankr. P. 7026.

E.     The Interrogatories are subject to the requirements set forth in Fed. R. Civ. P. 33, made applicable to this Adversary Proceeding by Fed. R. Bankr. P. 7033.

F.     The Requests for Production are subject to the requirements set forth in Fed. R. Civ. P. 34, made applicable to this Adversary Proceeding by Fed. R. Bankr. P. 7034.

G.     The Requests for Admission are subject to the requirements set forth in Fed. R. Civ. P. 36, made applicable to this Adversary Proceeding by Fed. R. Bankr. P. 7036.

## SCHEDULE B

## INTERROGATORIES

1. Identify each and every person answering or contributing information to the answers to these interrogatories and identify the particular matter to which each person responded or contributed.

ANSWER:

2. Identify each and every person with knowledge of the Transfer at issue in the Complaint.

ANSWER:

3. For each person listed in response to Interrogatory Number 2, set forth the substance of the information known by that person.

ANSWER:

4. Set forth the factual basis for any Value You claim you provided to the Debtor in exchange for the Transfer.

ANSWER:

5. Set forth the factual basis for any affirmative defenses You assert or intend assert to the Complaint.

ANSWER:

6. Set forth the factual basis for any denial of any allegation of the Complaint you deny or intend to deny.

ANSWER:

7. Identify each expert witness who will or may be called on Your behalf at a hearing or trial in this case. For each expert provide the name, address, area(s) of expertise, a brief summary of area(s), and the subject matter about which that individual is expected to testify.

ANSWER:

## VERIFICATION FOR INTERROGATORIES

 BEFORE ME this day personally appeared _____ who, being first duly sworn, deposes and says that the answers to the foregoing Interrogatories are true and correct to the best of his/her knowledge and belief.

_____
Osmar A. Mesa

 Sworn to and subscribed before me this \_\_\_ day of _____, 2020.

_____
Notary Public
State of _____ at Large

My Commission Expires:

_____ Personally known or _____Produced Identification, Type of identification produced
_____

## SCHEDULE C

## REQUESTS FOR PRODUCTION

1. Trustee Dillworth requests that Defendant produce and permit Trustee Dillworth to inspect and copy any and all communications and Documents, including electronically stored information, that evidence, refer or relate to the following:

   A. The Transfer.

   B. Any Value You claim you provided to the Debtor in exchange for the Transfer.

   C. Your denial of any allegations of the Complaint.

   D. Any affirmative defenses you assert to the Complaint.

   E. Communications and Documents, you intend to introduce at trial in this Adversary Proceeding.

   F. Any and all closing files, correspondence, emails, loan agreements, HUD-1 and /or closing statements, and all distributions or disbursements made relating to the **sale** of the property (on or about June 2019) located at 24631 SW 112 Court, Homestead, FL 33032.

   G. Any and all documents, correspondence and negotiable instruments relating to the down payments of the purchase of the 24631 SW 112 Court, Homestead, FL 33032 property.

   H. Any and closing files, correspondence, email, loan agreements, HUD-1 and/or closing statements, and all distributions ore disbursements made relating to the **purchase** of the property (on or about April 2015) located at 24631 SW 112 Court, Homestead, FL 33032.

   I. Any all documents, correspondence, agreements relating to the Quit Claim transfer to you regarding 24631 SW 112 Court, Homestead, FL 33032 property.

## **SCHEDULE D**

## **REQUESTS FOR ADMISSION**

Trustee Dillworth asks You to admit, for purposes of this Adversary Proceeding only and subject to objections to admissibility at trial:

1. The truth of each of the following statements:

    A. You received the Transfer.

    B. You retained the Transfer.

    C. You benefited from the Transfer.

    D. You did not provide reasonably equivalent value to the Debtor in exchange for the Transfers.

    E. The Transfer made by the Debtor to You were not on account of a present or antecedent debt owed by Debtor to you.

    F. You did not provide any Value to the Debtor in exchange for the Transfer.